UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | |
|---|---|
| FRANKENMUTH MUTUAL INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) Civil Action No. 6:18-CV-291-CHB ) ) |
| v. | ) **MEMORANDUM OPINION AND** ) **ORDER** |
| BALIS CAMPBELL, INC., et al., | ) ) |
| Defendants. | ) |

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the Court on Defendant Balis Campbell, Inc.'s Motion to Dismiss ("Motion to Dismiss") [R. 22] and Plaintiff Frankenmuth Mutual Insurance Company's Motion for Leave to File Amended Complaint ("Motion to Amend") [R. 24]. On November 13, 2018, Plaintiff Frankenmuth brought this action for declaratory judgment pursuant to 28 U.S.C. § 2201 ("Declaratory Judgment Act"). Defendant seeks dismissal of the Complaint [R. 1], claiming the amount in controversy does not exceed $75,000, and thus the Court does not have subject matter jurisdiction under 28 U.S.C. § 1332. [R. 22] Plaintiff seeks leave to amend its Complaint to clarify and supplement the amount in controversy. [R. 24] Fully briefed,[1] this matter is ripe for a decision. For the reasons stated herein, the Court will **GRANT** Plaintiff's Motion to Amend [R. 24] and **DENY** Defendant's Motion to Dismiss [R. 22].

I.   **Factual Background**

Frankenmuth Mutual Insurance Company ("Frankenmuth"), a Michigan-based insurance company, seeks a declaration of rights concerning the scope of an insurance agreement with its

---

[1] Briefing on the Motions is located at [R. 22–28].

1

insured, Balis Campbell, Inc. ("Balis Campbell"), a Kentucky construction company. [R. 1; 24-1] Frankenmuth claims it has no duty to defend or indemnify Balis Campbell in a case currently pending in Knott Circuit Court (the "underlying action" or "state court action") filed against Balis Campbell by Lotts Creek Community School ("Lotts Creek"). [R. 24-1 p. 1]

Lotts Creek hired Balis Campbell to perform emergency bracing and repairs to the roof of its auditorium after a cave-in occurred in July 2017. [R. 25 p. 1; R. 24-3 p. 1] Years earlier, Balis Campbell also "performed certain construction services on the original building." [R. 24-3 p. 1] Lotts Creek initially sued its own insurance provider, Lloyds of London, for damages including $876,700 to repair the roof of its auditorium based on an estimate provided by Balis Campbell. [R. 25 p. 1 –2] The original complaint also named Balis Campbell as an indispensable party, owed $50,476.52 for its services related to the emergency repair work. [R. 24-2 p. 2] After Lotts Creek settled with Lloyds of London, it then filed an amended complaint against Balis Campbell only, alleging that it "learned from subsequent inspections" that "the roof bracing done by [Balis] Campbell was inadequate, negligent and [] caused a diminution in value of the building." [R. 24-3, p. 2] The amended complaint further claims Balis Campbell caused "collateral damages . . . substantially related to the poor construction and repairs as previously described in this complaint." [*Id.*] Lotts Creek sought judgment against Balis Campbell for "compensation of damages as previously described in the complaint" and attached a copy of the $876,700 estimate. [R. 24-3, pp. 2, 4]

Frankenmuth's Complaint in this case attached both the original and amended complaints from the underlying action. [R. 1-1; 1-2] Frankenmuth seeks to file its Amended Complaint, which cites additional facts supporting the amount in controversy and specifically attaches

2

exhibits to the complaints in the underlying action that were inadvertently omitted from its Complaint, including the $876,700 estimate to repair the auditorium roof. [R. 24]

## II. Discussion

### A. Amended Complaint

Fed. R. Civ. P. 15(a)(2) provides that leave to amend "shall be freely given when justice so requires." The goal of the rule is that "cases should be tried on their merits rather than the technicalities of pleadings." *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1968); *see also Foman v. Davis*, 371 U.S. 178, 181–82 (1962). However, a court may deny a motion to amend where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. . . . ." *Foman*, 371 U.S. at 182. The Amended Complaint does not add any claims, but merely adds clarifying facts regarding the amount in controversy [R. 24-1 ¶ 10–12], includes an additional exhibit [R. 24-7], and corrects a clerical error made in two exhibits. [R. 24 p. 1] Balis Campbell has not claimed that allowing the amendment will prejudice it in any way, but instead argued that the amendment would be futile since it does not remedy the claimed jurisdictional deficiency. [R. 26 p. 12] The Court finds no bad faith or prejudice related to the Motion to Amend, and likewise finds, for the reasons described herein, the amendment is not futile. The Court, therefore, grants the Motion to Amend.

### B. Amount in Controversy

Federal courts are courts of limited jurisdiction, and as such must have subject matter jurisdiction to hear an action. Federal courts have subject matter jurisdiction if the amount in controversy exceeds $75,000 and the parties are completely diverse. 28 U.S.C. § 1332(a). There

is no dispute over whether the parties are diverse from each other—Frankenmuth is a corporate citizen of Michigan, while Defendants Balis Campbell and Lotts Creek Community School are Kentucky corporations. [R. 1 p. 2; R. 24-1 p. 2] However, the parties disagree over whether the amount in controversy has been met.

Satisfying the amount in controversy requirement is not particularly onerous. *EQT Gathering, LLC v. Webb*, No. 13-132-ART, 2014 WL 1577055, at *3 (E.D. Ky. Apr. 17, 2014). Generally, the amount in controversy is the value to the petitioner of the rights he seeks to protect. *Grange Mut. Cas. Co. v. Safeco Ins. Co. of Am.*, 565 F. Supp. 2d 779, 783–84 (E.D. Ky. 2008) (*citing Williamson v. Aetna Life Ins. Co.,* 481 F.3d 369, 376 (6th Cir. 2007)). For cases originally brought in federal court, like this one, a plaintiff's good faith assessment of his claim's value controls. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938). Because the plaintiff is "the master of the claim," he knows or should know "whether his claim is within the statutory requirements as to amount." *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 157 (6th Cir. 1993) (internal citation omitted), *abrogated on other grounds by Hertz Corp. v. Friend*, 559 U.S. 77 (2010). Therefore, the Court may dismiss this case for failure to meet the jurisdictional threshold only if "it appears that the plaintiff's assertion of the amount in controversy was made in bad faith." *Id.; see also Schultz v. Gen. R.V. Ctr.*, 512 F.3d 754, 756 (6th Cir. 2008). Put differently, dismissal based on the amount in controversy is improper unless it appears "to a legal certainty" that the plaintiff's claim does not meet the jurisdictional threshold. *St. Paul*, 303 U.S. at 289; *see also Schultz,* 512 F.3d at 756.

Most courts find a legal certainty that damages could not be recovered only where the applicable state law barred the *type* of damages sought, such as a statutory prohibition against punitive damages or mental anguish. *Kovacs v. Chesley*, 406 F.3d 393, 397 (6th Cir. 2005).

4

Moreover, "the inability of [a] plaintiff to recover an amount adequate to give the court jurisdiction does not show [a plaintiff's] bad faith or oust jurisdiction. Nor does the fact that the complaint discloses the existence of a valid defense to the claim." *St. Paul*, 303 U.S. at 289. Thus, subject matter jurisdiction is proper if there is a probability that the value of the matter in controversy exceeds the jurisdictional amount, even "if it is unlikely that the plaintiff can recover [that] amount." *Kovacs*, 406 F.3d at 397.

Because Frankenmuth seeks declaratory relief, the amount in controversy is "measured by the value of the object of the litigation." *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347–48 (1997). In declaratory judgment actions, where the issue is the applicability of an insurance policy to a particular occurrence (as in this case), the amount in controversy is typically measured by the value of the underlying claim. *Grange Mut. Cas. Co. v. Safeco Ins. Co. of Am.*, 565 F. Supp. 2d 779, 783–84 (E.D. Ky. 2008); *Owners Ins. Co. v. Frontier Housing, Inc.*, No. 16-40-HRW, 2017 WL 1097187, *2 (E.D. Ky. Mar. 21, 2017). Additionally, defense costs are included in the amount in controversy calculation when an insurance company will have to pay the underlying defense costs of the insured. *Grange,* 565 F. Supp. 2d at 784. Thus, the extent of damage Frankenmuth might suffer—its potential loss—is not limited to the value of the claims in the underlying action; it also includes the costs it would incur in representing Balis Campbell. *See id*.

Frankenmuth alleges that the value of the claims in the state court action is "nearly $1,000,000," including the $876,700 for roof repairs. [R. 24-1 p. 4] Frankenmuth also estimates that the cost to defend Balis Campbell in the underlying action is $67,200.00. [R. 25 p. 9] Balis Campbell does not dispute these defense costs. [R. 22. P. 11] Given the estimated defense costs of $67,200.00, the Court need only find that another $7,800.01 is at issue for the amount in

5

controversy to be satisfied. This is an easy find. Lotts Creek claims that Balis Campbell's emergency repairs performed in 2017 were "inadequate, negligent and [] caused a diminution in value of the building . . . [and] subsequent repair costs." [R. 24-3 p. 2] Additionally, Lotts Creek claims it suffered "collateral damages," such as loss of students, due to Balis Campbell's original construction of the property *and* the "repairs as previously described in this complaint." [*Id.*]

Balis Campbell makes several arguments for why certain damages alleged by Frankenmuth should not be included in the amount in controversy calculation. [R. 26 pp. 1–2] First, Balis Campbell contends that while Lotts Creek's initial complaint against Lloyds of London referenced the $876,700 estimate for repairing the roof, its amended complaint against Balis Campbell includes no such reference, and consequently, such damages are not in controversy for purposes of this case. [R. 26 p. 4] In other words, Balis Campbell argues that the $876,700 is no longer at issue because those alleged damages were resolved when Lotts Creek settled with Lloyds of London. The Court is not persuaded. Lotts Creek specifically attached a copy of the $876,700 estimate to its amended complaint against Balis Campbell, indicating such damages (or at least a portion of them) remained at issue. [R. 24-3 p. 4] Further, in response to discovery requests in the underlying state court litigation, Lotts Creek specifically claimed $400,000 in damages against Balis Campbell to replace the roof. [R. 19 pp. 3-4; R. 25-2 p. 7]; *see Gentek Bldg. Prods, Inc., v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007) (holding that "the district court has wide discretion to allow affidavits, documents, and even a limited evidentiary hearing to resolve jurisdictional facts"); *see also Kroll v. U.S.*, 58 F.3d 1087, 1092 n.9 (6th Cir. 1995).

Balis Campbell next argues that certain damages claimed by Lotts Creek in its state court litigation are not in controversy in this action because they are either outside the subject matter or time period of Frankenmuth's insurance contract. [R. 22 pp. 4, 10; R. 26 pp. 8–10] Balis Campbell claims that the $876,700 estimate, which it originally provided to Lotts Creek, was the amount necessary to complete "Permanent Repair Work," which it attempts to distinguish from the "Emergency Repair Work," involving Balis Campbell's emergency bracing of the roof in 2017. [R. 22 p. 4] It claims that the Permanent Repair Work is a result of damage allegedly caused by Balis Campbell's original construction of Lotts Creek over twenty years ago, rather than damages caused by any alleged faulty repairs done in 2017. [R. 22 p. 10] It argues that damages from the Permanent Repair Work are not damages for which Frankenmuth would ever have to indemnify Balis Campbell, because the conditions necessitating the $876,700 estimate existed *before* Balis Campbell performed the Emergency Repair Work. [R. 22 pp. 10–11; R. 26 p. 7]

But even if the Court accepted this argument, the amount in controversy is still satisfied. Lotts Creek's amended complaint expressly claims that the 2017 repair work was "inadequate, negligent and [] caused a diminution in value of the building . . . [and] collateral damage." [R. 24-3 p. 2] Frankenmuth specifically references damages due to "poor construction *and repairs*" in its Amended Complaint. [R. 24-1 p. 3 ¶ 9 (emphasis added)] Moreover, Lotts Creek is claiming not only $400,000 from Balis Campbell to replace the roof, but also $50,000 for legal fees, $300,000 for lost revenue and inconvenience, and $250,000 for lost donations—far more than necessary to satisfy the jurisdictional threshold. [R. 25-2, p. 7]

Balis Campbell acknowledges that the amended complaint in the underlying action includes damages related to the Emergency Repair Work but claims that Frankenmuth has not

7

asserted such damages in this action and "has provided no facts or proof of what those damages might be . . ." rendering them "too remote and speculative" to be in controversy in this action. [R. 22, p. 11 n. 27] But Frankenmuth specifically references damages due to "poor construction *and repairs*" in its Amended Complaint. [R. 24-1 p. 3 ¶ 9 (emphasis added)] Further, the proper inquiry is the "legal certainty" or "good faith" test. Frankenmuth does not have to *prove* the amount in controversy exceeds $75,000. *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 158 (6th Cir. 1993). The Court finds no indication that such assertion was made in bad faith, and thus accepts Frankenmuth's asserted amount in controversy as true. *See id.* at 157.

Many of Balis Campbell's arguments concerning the amount in controversy are potential defenses it may ultimately assert—that is, that the claims are time-barred under the statute of limitations. [R. 22 pp 7–8; R. 26 pp. 8–9] These arguments conflate the difference between a dismissal for failing to meet the amount in controversy requirement and a dismissal following summary judgment. A court cannot examine substantive defenses when considering a motion to dismiss based on the amount in controversy. *See Kovacs v. Chesley*, 406 F.3d 393, 396 (6th Cir. 2005) (holding that a court cannot consider defenses such as "qualified immunity, res judicata, *or the application of a statute of limitations*") (emphasis added). Where, as in this case, state law permits the types of damages claimed, "the amount in controversy requirement will be satisfied even if it is unlikely that the plaintiff can recover an amount exceeding the jurisdictional requirement." *Kovacs*, 406 F.3d at 397 (*citing Worthams v. Atlanta Life Ins. Co.,* 533 F.2d 994, 997–98 (6th Cir. 1976)). "Absolute certainty is not required. It is sufficient if there is a probability that the value of the matter in controversy exceeds the jurisdictional amount." *Id.* (internal quotation omitted). Given the allegations in the Amended Complaint, coupled with the

8

estimated defense costs of $67,200, the Court is satisfied that the "probability" standard is met, and the matter in controversy exceeds the jurisdictional amount. *Kovacs*, 406 F.3d at 397.

### III. Discretionary Jurisdiction Under the Declaratory Judgment Act

While the Court has subject matter jurisdiction to hear this action, exercise of jurisdiction under the Declaratory Judgment Act is not mandatory. *Bituminous Cas. Corp. v. J & L Lumber Co., Inc.*, 373 F.3d 807, 812 (6th Cir. 2004) (citing *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 494 (1942)). *See also Travelers Indem. Co. v. Bowling Green Prof'l Assocs.*, 495 F.3d 266, 271 (6th Cir. 2007). Therefore, the Court must decide whether it should exercise jurisdiction over this matter. *See Nationwide Mut. Fire Ins. Co. v. Willenbrink*, 924 F.2d 104, 105 (6th Cir. 1991).

The Sixth Circuit has "repeatedly held in insurance coverage diversity cases that 'declaratory judgment actions seeking an advance opinion on indemnity issues are seldom helpful in resolving an ongoing action in another court.'" *Bituminous*, 373 F.3d at 812 (quoting *Manley, Bennett, McDonald & Co. v. St. Paul Fire & Marine Ins. Co.*, 791 F.2d 460, 463 (6th Cir. 1986)). While there is no bar on insurance coverage questions, "[s]uch actions . . . should normally be filed, if at all, in the court that has jurisdiction over the litigation which gives rise to the indemnity problem. Otherwise confusing problems of scheduling, orderly presentation of fact issues and res judicata are created." *Id.*

The Sixth Circuit has provided five factors to guide district courts in their decision of whether to exercise jurisdiction, first laid out in *Grand Trunk W. R.R. Co. v. Consol. Rail Corp.*, 746 F.2d 323, 326 (6th Cir. 1984); *see also Grange Mut. Cas. Co. v. Safeco Ins. Co. of Am.*, 565 F. Supp. 2d 779, 785 (E.D. Ky 2008). These factors are:

> (1) whether the judgment would settle the controversy;
> (2) whether the declaratory judgment action would serve a useful purpose in clarifying the legal relations at issue;

> (3) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race for res judicata";
> (4) whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction; and
> (5) whether there is an alternative remedy that is better or more effective.

*Bituminous*, 373 F.3d at 813 (citing *Scottsdale Ins. Co. v. Roumph*, 211 F.3d 964, 968 (6th Cir. 2000)). The parties have not addressed this issue in their briefing, and as such the Court does not have sufficient information to rule on the issue. The parties shall brief the issue before the Court makes its decision of whether to exercise jurisdiction under the Declaratory Judgment Act. *See Travelers*, 495 F.3d at 272.

Based on the above, and the Court being otherwise sufficiently advised,

**IT IS HEREBY ORDERED** as follows:

1. The Motion to File an Amended Complaint filed by Plaintiff Frankenmuth **[R. 24]** is **GRANTED**.

2. The Motion to Dismiss filed by Defendant Balis Campbell [R. 22] is **DENIED**.

3. The parties shall file simultaneous briefs on the issue of whether the Court should exercise its discretion to accept jurisdiction over this action under the Declaratory Judgment Act no later than **February 13, 2020**. The parties shall file simultaneous responses no later than **February 27, 2020**. No replies shall be filed.

This the 23rd day of January, 2020.

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF KENTUCKY